UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.C. Research, Inc., d/b/a Fogware, | Case No. 14-cv-3762 (WMW/SER) |
| Plaintiff, | **ORDER ADOPTING AS MODIFIED REPORT AND RECOMMENDATION AND AMENDING JUDGMENT** |
| v. | |
| Speed Commerce, Inc., f/k/a Navarre Corporation, | |
| Defendant. | |

This matter is before the Court on the November 14, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Steven E. Rau. (Dkt. 88.) Having reviewed the November 14 R&R, the Court adopts the November 14 R&R as modified and amends the judgment previously entered in this case to account for mathematical errors.

Plaintiff JC Research brought this suit to recover the value of missing inventory from Defendant Speed Commerce, which defaulted. On September 5, 2017, the magistrate judge issued an R&R recommending a damages award in the amount of $673,796.34. On October 19, 2017, the Court issued an order adopting as modified the September 5 R&R to account for mathematical errors on the face of the September 5 R&R and entering a judgment for JC Research in the amount of $672,995.34. On November 14, 2017, the magistrate judge issued a second R&R *sua sponte*, identifying

additional mathematical errors and recommending a damages award in the amount of $602,276.34.  No objections to the November 14 R&R have been filed.

In the absence of timely objections, the Court reviews an R&R for clear error.  *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, the reviewing court, after examining the entire record, "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).

The November 14 R&R recommends that the Court amend its October 19 Order and Judgment pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.  Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so . . . on its own, with or without notice."  Fed. R. Civ. P. 60(a).

The November 14 R&R correctly identifies a $1,350 mistake in the calculation of damages for a product identified as part number 93519.  However, the November 14 R&R also determines that the October 19 Judgment should be reduced by $69,370 because the record does not support the amounts awarded to JC Research for products identified as part numbers 93731, 93724, and 93762.  The November 14 R&R determines that this reduction is necessary because invoices substantiating $69,370 in damages for those three products are not in the record.  Because the record contains invoices submitted by JC Research for the products identified as part numbers 93731, 93724, and

93762, this determination is clearly erroneous.  In light of these errors, the October 19 Judgment shall be amended to account for the $1,350 mathematical error.[1]

JC Research has demonstrated damages of $671,646.34.  Accordingly, the Court adopts the November 14 R&R as modified and, pursuant to Rule 60(a), amends its October 19, 2017 Judgment to reflect this updated damages award.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The November 14, 2017 R&R, (Dkt. 88), is **ADOPTED AS MODIFIED**;

2. The Judgment, (Dkt. 87), shall be **AMENDED** to enter judgment against Speed Commerce for $671,646.34.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 9, 2018                                          s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge

---

[1] The October 19 Judgment shall also be amended to account for an erroneous $1 deduction.  The October 19 Order deducted $1 from the damages award recommended by the September 5, 2017 R&R to correct an error in the R&R.  The error in the R&R was typographical in nature, however, and the error did not affect the R&R's calculation of damages.  Because the deduction of $1 was erroneous, the October 19 Judgment shall be amended to account for the $1 error.

3